**STATE of Maine**

v.

**Ricky MacDOUGALL.**

Supreme Judicial Court of Maine.

Submitted on Briefs Sept. 17, 1991.

Decided Oct. 2, 1991.

Janet Mills, Dist. Atty., Craig E. Turner, Deputy Dist. Atty., Auburn, for the State.

Leonard I. Sharon, Lewiston, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

GLASSMAN, Justice.

Ricky MacDougall appeals from judgments entered in the Superior Court (Androscoggin County, *Delahanty, C.J.*) on jury verdicts finding him guilty of two counts of gross sexual misconduct in violation of 17–A M.R.S.A. § 253 (Supp.1988), *repealed and replaced by* P.L.1989, ch.

401, § A, 4 (effective September 30, 1989). We find no merit in MacDougall's contention that the trial court erred in receiving in evidence admissions of MacDougall without an evidentiary hearing on his motion to suppress the admission of this evidence and affirm the judgments.

On December 12, 1989, after a hearing, the trial court granted MacDougall's motion to suppress from evidence his confession to the police and items seized by the police without a search warrant. On January 29, 1990, by a second motion to suppress, MacDougall sought to suppress a statement he had made to his mother and the contents of two letters he had written to the alleged victims of the offenses.[1] He argued before the trial court, as he does on appeal, that the admissions should have been suppressed from evidence as the "tainted fruits" of the prior police misconduct. The trial court denied the motion on the ground that any possible taint from the initial illegal seizure and illegal confession was too tenuous and remote to justify suppressing the evidence.

We have long recognized that the "teaching of the fruit-of-the-poisonous-tree doctrine is that a determination of admissibility must be made 'in light of the distinct policies and interests of the Fourth Amendment.'" *State v. Turner*, 394 A.2d 798, 800 (Me.1978) (quoting *Brown v. Illinois*, 422 U.S. 590, 603, 95 S.Ct. 2254, 2261, 45 L.Ed.2d 416 (1975)). It is well settled that a major purpose of the Fourth Amendment's exclusionary rule is to deter police misconduct. *Terry v. Ohio*, 392 U.S. 1, 28–29, 88 S.Ct. 1868, 1883–84, 20 L.Ed.2d 889 (1968). *See also United States v. Leon*, 468 U.S. 897, 906, 104 S.Ct. 3405, 3411–12, 82 L.Ed.2d 677 (1984). The fact that MacDougall's admissions to his mother and to the two alleged victims of the charged offenses followed his inadmissible confession does not raise any inference of misconduct or exploitation by the police.

---

**1.** The day after his coerced confession MacDougall called his mother from jail. When she asked if he had "done it," he responded, "Yes." Several months after the incident, MacDougall

sent a letter to each of the two alleged victims stating that he was sorry for what he had done to them.

**412**

The record reveals that the trial court, having heard MacDougall's first motion to suppress, was familiar with all the relevant facts of this case, that it heard MacDougall's oral argument in support of the present motion and properly denied it. Accordingly, we conclude that MacDougall's right to a hearing on his motion to suppress has been satisfied.

The entry is:

Judgments affirmed.

All concurring.